United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOGENEX LABORATORIES,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>AXIS DIAGNOSTICS INC,<br><br>　　　　Defendant(s).<br>_____/ | No. C-12-06313 DMR<br><br>**ORDER GRANTING DEFENDANT AXIS DIAGNOSTICS INC.'S MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF BIOGENEX LABORATORIES' MOTION FOR DEFAULT JUDGMENT** |

Before this court is Plaintiff Biogenex Laboratories' ("Biogenex's") Motion for Default Judgment against Defendant Axis Diagnostics Inc. ("Axis"). [Docket No. 11.] Also before the court is Axis' Motion to Set Aside Default. [Docket No. 29.] For the reasons stated below, Axis' Motion to Set Aside Default is GRANTED and Biogenex's Motion for Default Judgment is DENIED.

**I. Background and Procedural History**

Biogenex is a California corporation with its principal place of business in California and Axis is a Pennsylvania corporation with its principal place of business in Pennsylvania. Complaint [Docket No. 1] at ¶¶ 1-2. On July 15, 2009, Biogenex and Axis entered into an agreement (the "Contract") in which Biogenex was to provide Axis with the use of its i6000 Automated Staining Systems instrument (the "stainer"), and Axis was to purchase from Biogenex a certain amount of reagent supplies to be used in connection with the stainer. *Id.* at ¶ 6, 10-14. The Contract specified

that it would be "governed by the laws of the state of California as applied to agreements entered into between California residents and executed and performed in California." Vikraman Decl. [Docket No. 14] at ¶ 3, Ex. A (Contract).

On December 14, 2012, Biogenex filed this action against Axis, seeking damages for an alleged breach of the Contract. Complaint at 1. On December 18, 2012, Biogenex served the Complaint and summons on Axis at Axis' office in Langhorne, Pennsylvania. Broder Decl. [Docket No. 38] ¶ 3, Ex. A. The documents were delivered by a process server to an Axis customer service representative, Danielle Fleisch. Fleisch Decl. [Docket No. 31] ¶ 1. Fleisch was not and has not ever been an executive, director, officer, manager or general manager, or member of the finance department at Axis. *Id.* at ¶ 2. Fleisch had never been told, instructed, or otherwise given authority to accept service of complaints or summonses on behalf of Axis. *Id.* At some point after Fleisch was served, she gave the documents to Patricia Litostansky, a lab manager at Axis. Litostansky Decl. [Docket No. 32] ¶ 8. Litostansky "either told [Fleisch] or took it [her]self to Accounts Payable because [Litostansky] understood the complaint to be related to a billing issue." *Id.* The documents were received by the Accounts Payable manager Jennifer McVey. McVey Decl. [Docket No. 33] ¶¶ 1-2. McVey then gave the documents to Axis' interim Chief Financial Officer, James Shurr. *Id.* at ¶ 3. Shurr had begun working for Axis on a consulting basis in late October 2012, and was asked to serve as Axis' interim CFO in December 2012. Shurr Decl. [Docket No. 34] ¶ 1. At that time, he was spearheading three organizational initiatives that he claims caused December 2012 to be an "extremely hectic" month for him. *Id.* at ¶¶ 1-5. Shurr stated that he was "embarrassed to say that [he] must have misplaced or otherwise mishandled the documents because [he does] not recall seeing them and cannot find them to date. They obviously did not receive adequate attention." *Id.* at ¶ 6. Shurr also stated that he "intended no disrespect to this Court or the judicial system, nor did [he] intend to stall or delay this action by BioGenex by my handling of the summons and complaint." *Id.* at ¶ 7.

On January 17, 2013, default was entered against Axis. Notice of Entry of Default [Docket No. 8]. Axis had not filed an answer or otherwise appeared in this case, and was not registered with this court's electronic filing system. Biogenex did not file a proof of service indicating that it had

served Axis with a paper copy of the Notice of Entry of Default.  On March 5, 2013, Biogenex filed its Motion for Default Judgment.  [Docket No. 11.]  Biogenex did not file a proof of service indicating that it had served Axis with a paper copy of the Motion for Default Judgment.  On March 21, 2013, the court ordered supplemental briefing on Biogenex's Motion for Default Judgment. [Docket No. 18.]  This time, Biogenex did file a proof of service showing that it had served Axis with this order.  [Docket No. 19.]  On April 3, 2013, Biogenex filed a supplemental brief.  [Docket No. 20.]  This too was served on Axis.  [Docket No. 22.].

On April 11, 2013, Axis filed an Emergency Motion for Administrative Relief to Vacate Hearing on Entry of Default Judgment and for Briefing Schedule on Motion to Set Aside Default. [Docket No. 26.]  The court granted the motion, vacated the hearing on Biogenex's Motion for Default Judgment, and set a briefing schedule for Axis' Motion to Set Aside Default.  [Docket No. 28.]  On April 16, 2013, Axis filed its Motion to Set Aside Default.  [Docket No. 29.]

## II.  Standard for Setting Aside Entry of Default

Rule 55(c) of the Federal Rules of Civil Procedure permits the court to "set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  To determine whether a party has shown good cause, the court must examine "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice any other party."  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) [hereinafter *Personal Check No. 730*] (brackets in original) (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (quotation marks omitted).  When performing this analysis, the court must remember that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  *Id.* at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)) (quotation marks omitted).

## III. Discussion

**A. Meritorious Defense**

The moving party must "allege[] sufficient facts that, if true, would constitute a defense: the question whether the factual allegation [i]s true is not to be determined by the court . . . ."  *Personal*

*Check No. 730*, 615 F.3d at 1094 (brackets in original) (citation and quotation marks omitted). Although this showing does not impose an "extraordinarily heavy" burden, *id.* (citation and quotation marks omitted), the party may not rely on "mere general denial without facts to support it." *Franchise Holding II*, 375 F.3d at 926 (citation and quotation marks omitted).

Axis contends that Biogenex failed to perform under the Contract around late 2010 by failing to provide adequate training that would allow Axis employees to use the stainer, that it returned the stainer to Biogenex, and that Biogenex failed to mitigate any damages resulting from Axis' alleged breach of the Contract. Biogenex concedes that Axis has met its burden of showing a meritorious defense.

**B. Prejudice**

Setting aside the default "must result in greater harm than simply delaying resolution of the case" to qualify as prejudicial. *Personal Check No. 730*, 375 F.3d at 1095 (citation and quotation marks omitted). Biogenex concedes that it "will not suffer prejudice by having to litigate this matter on the merits." Opp. at 6.

**C. Culpable Conduct**

The court will consider a party's conduct culpable if it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Personal Check No. 730*, 375 F.3d at 1092 (citations and quotation marks omitted). In this context, "intentionally" means that the party "must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (citation and quotation marks omitted).

Axis' explanation for failing to respond to the Complaint and summons—that the summons were served on a non-managerial employee and eventually transferred to a new interim CFO; that at the end of the year was a busy time for the interim CFO; that the delay in responding was due to accidental oversight—provides at least one explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. *Id.* (a party is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to

respond") (citation and quotation marks omitted). Accordingly, Axis' conduct was not culpable under Rule 55(c).[1]

### IV. Conclusion

For the reasons stated above, Axis' Motion to Set Aside Default is GRANTED and Biogenex's Motion for Default Judgment is DENIED. The court declines to condition setting aside the default on the payment of any sanction, especially where Biogenex failed to file proofs of service showing that it had served Axis with key documents in this case, including the notice of entry of default and Biogenex's Motion for Default Judgment, such that Biogenex continued to accrue attorneys' fees that diligent service could have obviated. The Proposed Answer filed by Axis in connection with its Motion to Set Aside Default [Docket No. 29, Ex. A] is deemed Axis' Answer to the Complaint.

The Initial Case Management Conference is set for **July 31, 2013 at 1:30 p.m.**, Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland, California 94612. The Joint Case Management Statement is due no later than **July 24, 2013.**

IT IS SO ORDERED.

Dated: June 25 , 2013

DONNA M. RYU
United States Magistrate Judge

---

[1] Because the court concludes that setting aside entry of default is appropriate under Rule 55(c), it declines to consider whether service of the Complaint and summons on Fleisch was proper under California or Pennsylvania law.